UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Charles Walker, | ) | Civil Action No.: 5:18-cv-01768-RBH |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Bonita Mosely, *Warden*, | ) | |
| Respondent. | ) | |

Petitioner Charles Walker, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The matter is before the Court for review of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing Petitioner's § 2241 petition without prejudice.[1] *See* ECF Nos. 31 & 39.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

In 2008, Petitioner pleaded guilty in this District to one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), & 846, and was sentenced to 188 months' imprisonment. *See United States v. Walker*, No. 6:08-cr-00467-TMC-8, (D.S.C.). He is currently incarcerated in this District and has now filed a § 2241 petition challenging his sentence,[3] claiming his career-offender designation is erroneous in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fourth Circuit's application of *Mathis* in *United States v. Hall*, 684 F. App'x 333 (4th Cir. 2017). *See* ECF No. 1.

Petitioner has filed objections to the R & R. *See* ECF No. 39. The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he fails to satisfy the second prong of the test set forth in *United States v. Wheeler*, wherein the Fourth Circuit held:

---

[2] The R & R thoroughly summarizes the relevant procedural and factual background.

[3] Petitioner mentions "his conviction" in his § 2241 petition, but as the Magistrate Judge explains, he clearly is challenging his career-offender designation—i.e., his sentence. Regardless, even if he were challenging his conviction, he does not satisfy the *Jones* test for § 2241 challenges to convictions. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) ("[Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.").

2

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d 415, 429 (4th Cir. 2018) ("the *Wheeler* test"). As explained in the R & R, Petitioner cannot satisfy the second element of the *Wheeler* test because there has been no change in the settled substantive law deemed to apply retroactively on collateral review. *See Davis v. Andrews*, 727 F. App'x 782, 783 (4th Cir. 2018) (rejecting a similar challenge to a career-offender designation, applying the *Wheeler* test, explaining "*Mathis* did not announce a substantive change to the law," and holding "Davis, therefore, cannot bring this challenge in a § 2241 petition"). Thus, Petitioner fails to satisfy the savings clause in 28 U.S.C. § 2255(e), and the Court must dismiss his § 2241 petition for lack of jurisdiction. *See Wheeler*, 886 F.3d at 426 (noting "the savings clause requirements are jurisdictional").

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.

3

In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## **Conclusion**

For the above reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R & R [ECF No. 31], and **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
December 27, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge